UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN WYATT ROBISON, | No. 2:18-cv-0441 AC P |
| Plaintiff, | |
| v. | ORDER and |
| CDCR, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a former state prisoner previously incarcerated at the California Health Care Correctional Facility (CHCCF) in Stockton, under the authority of the California Department of Corrections and Rehabilitation (CDCR). ECF No. 1. Plaintiff now lives in transitional housing in Los Angeles. ECF No. 10. Plaintiff proceeds pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983, filed on February 27, 2018, when plaintiff was still incarcerated at CHCCF. Plaintiff has also submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a motion for preliminary injunctive relief.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed in its entirety.

////

## II. In Forma Pauperis Application

Plaintiff submitted an affidavit and prison trust account statement that made the showing required by 28 U.S.C. § 1915(a). However, plaintiff is no longer incarcerated. If this case were to proceed, plaintiff would be required to complete and submit a non-prisoner application to proceed in forma pauperis. See e.g. Adler v. Gonzalez, 2015 WL 4041772, at *1, 2015 U.S. Dist. LEXIS 85909 (E.D. Cal. July 1, 2015), report and recommendation adopted, 2015 WL 4668668, 2015 U.S. Dist. LEXIS 103386 (E.D. Cal. Aug. 6, 2015) (Case No. 1:11-CV-1915 LJO MJS) (payment of fee not required if plaintiff remains indigent upon release from prison). However, because the undersigned recommends dismissal of this action, the court will not require plaintiff to submit a non-prisoner application to proceed in forma pauperis at this time.

## III. Screening of Plaintiff's Complaint

### A. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.     Allegations of Complaint and Motion for Preliminary Injunctive Relief

The gravamen of the complaint is plaintiff's claim that, while incarcerated, he was denied "Milestone Credits" that he had already earned and thus his parole release date was improperly extended. See ECF No. 1. "Milestone Completion Credits" are awarded in California prisons to inmates who achieve "a distinct objective of approved rehabilitative programs, including academic programs, substance abuse treatment programs, social life skills programs, Career Technical Education programs, Cognitive Behavioral Treatment programs, Enhanced Outpatient Program group module treatment programs, or other approved programs with similar demonstrated rehabilitative qualities." Cal. Code Regs. tit. 15, § 3043.3(a). Milestone Completion Credits are awarded in increments of not less than one week, and "shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole

////

////

////

3

hearing date . . . if sentenced to an indeterminate term with the possibility of parole." Id., § 3043.3(c).[1]

The complaint (209 pages including exhibits) identifies various custodial, educational and mental health prison programs that award Milestone Credits to inmates upon successful completion. Plaintiff identifies numerous problems in the calculation of his own credits. Overall, plaintiff claims he was denied earned credits due to a lack of responsibility and follow through by program clinicians and supervisors, and that representatives from each program routinely directed plaintiff somewhere else for resolution. Plaintiff asserts a denial of his liberty interest in obtaining an accurate calculation of his Milestone Credits and release date, in violation of his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks declaratory relief, damages, and numerous forms of injunctive relief. See ECF No. 1 at 40-41.

The complaint names as defendants CDCR; CHCCF Warden Michael Martel; Board of Parole Hearing (BPH) Commissioners Kyros Chakur, Rhonda Dotta, and Jennifer Shaffer; Inmate and Medical Appeal Coordinators J. Lewis, M. Voong, A. Infant, C. Turner, and K. Martin; Correctional Counselors Woodbury, Vang, Miller, MaGee, Heslop and Doyle; and mental health clinicians Dr. Battle, Dr. Benson, Dr. Julien and Dr. Gallo.

Plaintiff has also filed a separate motion for preliminary injunctive relief which seeks, inter alia, an order compelling CDCR to grant him 77 days credit. See ECF No. 6. The motion is supported by two additional filings. See ECF Nos. 8, 9. Although plaintiff's complaint, motion and supporting documents are carefully pled, the court need not provide more detail at his juncture.

### C. Analysis

Although the Supreme Court has held that prisoners have a liberty interest in good behavior time credits earned pursuant to state statutes and procedures, the due process clause

---

[1] In California, "defendants will be eligible for parole no later than age 60 under the Elderly Parole Program recently codified by the Legislature. (See Pen. Code, § 3055.) Defendants may be eligible for parole even sooner due to recently expanded programs for earning good conduct and other credits. (Cal. Code Regs., tit. 15, §§ 3043.2 [good conduct credits], 3043.3 [milestone completion credits], 3043.4 [rehabilitative achievement credits], 3043.5 [educational merit credits].)." People v. Contreras (Feb. 26, 2018) 4 Cal. 5th 349, 384.

provides only minimum, and purely procedural, protections. "[T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

The undersigned assumes, for present purposes, that plaintiff was released to transitional housing as a condition of parole and remains subject to the conditions of his parole. Plaintiff's release on parole does not necessarily render this matter moot, because any credits to which he was entitled may reduce the duration of his parole. See In re Carter (1988) 199 Cal. App. 3d 271, 273 and cases cited therein; accord In re Vargas (1985) 172 Cal. App. 3d 316, 320 n.4 ("Defendant's release does not render this appeal [concerning the application of worktime credits] moot, as the termination date of defendant's parole period is affected by our decision."); see also In re Macken, 2005 WL 2323801, at *8, 2005 Cal. App. Unpub. LEXIS 8589, at *23 (Cal. Ct. App. Sept. 21, 2005) ("[T]his issue is not moot. Any error in the calculation of worktime credits earned during his incarceration before his assault conviction will affect petitioner's release date and period of parole.").

However, the appropriate vehicle for pursuing this matter is a petition for writ of habeas corpus, not a civil rights complaint. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Jones v. Cunningham, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the [state] within the meaning of the habeas corpus statute.").

Although plaintiff's claim sounds in habeas to the extent it challenges the duration of his custody, that does not mean that plaintiff's allegations about the calculation of his Milestone Credits state a cognizable federal habeas claim. "'[F]ederal habeas corpus relief does not lie for

errors of state law.'" Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). California's Milestone Credits system is a creature of state law, and plaintiff's theory that it created a liberty interest protected by the U.S. Constitution appears unlikely to prevail. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Federal habeas challenges to CDCR's awarding and calculation of custody credits are regularly rejected as non-cognizable by the district courts. See, e.g., Grandberry v. Soto, 2016 U.S. Dis. LEXIS 185813 (C.D. Cal. June 15, 2016): McClellan v. Valenzuela, 2016 U.S. Dist. LEXIS 175340 (E.D. Cal. Dec. 19, 2016); Jones v. Director of Corrections, 2017 U.S. Dist. LEXIS 102997 (S.D. Cal. June 30, 2017).

Even if plaintiff could state a claim in habeas, he could not pursue it in this court before exhausting state court remedies. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[2] In light of the different procedural requirements applicable to prisoner civil rights actions and habeas corpus petitions, the undersigned declines to construe the instant complaint as a petition for writ of habeas corpus.

To the extent that plaintiff seeks damages rather than earlier release from parole, his lawsuit faces an equally insurmountable hurdle. Because plaintiff's claim rests on the implied invalidity of his extended sentence, he cannot pursue damages under Section 1983 without first

---

[2] Until recently, district courts routinely dismissed habeas petitions that were wholly unexhausted at the time of filing. See Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). However, the Ninth Circuit Court of Appeals has clarified that unexhausted habeas petitions may, under limited circumstances, be stayed pending exhaustion. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005). The U.S. Supreme Court explained in Rhines that stay and abeyance pending exhaustion is appropriate only in limited circumstances. The petitioner must show that "'[1] petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Mena, 813 F.3d at 910 (quoting Rhines, 544 U.S. at 278).

6

demonstrating that the challenged additional time was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (citation omitted); accord, Nettles v. Grounds, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017) ("Heck applies . . . to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'") (citations and internal quotation marks omitted); see also Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (fn. omitted), cert. denied 540 U.S. 1218 (2004) ("[T]he Heck rule applie[s] to a state prisoner . . . seeking damages for unconstitutional deprivation of good-time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good-time credits.") (citing Edwards v. Balisok, 520 U.S. 641, 648 (1997)).

For all these reasons, the complaint does not state a claim for relief and must be dismissed.

### D.      Summary for Pro Se Litigant and Recommended Dismissal

Plaintiff's principal argument is that he was wrongfully denied 77 days of earned good time credits. It is doubtful that the alleged misapplication of state regulations could support a federal due process claim, but it is quite clear that any such putative claim must be brought in habeas and not in a civil rights lawsuit. Because federal habeas petitions are subject to procedural requirements different from civil rights complaints, including the requirement that habeas claims be exhausted in the state courts, the court will not construe the complaint as a habeas petition. Moreover, the allegations of the complaint are presented in "civil rights" terminology and are too wide-ranging and name too many parties to reasonably be construed as a habeas petition. Additionally, plaintiff's damages claims are Heck-barred because the premise for those claims (the alleged miscalculation of plaintiff's sentence and parole date) has not been successfully challenged in the state courts.

For these reasons, the magistrate judge is recommending dismissal of this case without prejudice. If plaintiff wishes to pursue this matter as a federal habeas claim, he must do so in a newly-filed action (without reference to the instant case or case number), together with payment

7

of the filing fee or a new request to proceed in forma pauperis.  Plaintiff is informed that he has one year to exhaust a federal habeas claim in the state courts before bringing it to the federal court,[3] unless he requests and obtains a stay in federal court pending exhaustion in the state courts.  Plaintiff is further informed that a federal habeas petition must name the appropriate respondent.[4]

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The complaint, ECF No. 1, be dismissed for failure to state a cognizable federal claim.

2. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, and motion for preliminary injunctive relief, ECF No. 6, be denied as moot.

3. This action be dismissed in its entirety without prejudice to plaintiff's further pursuit of his claims in an appropriate action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

---

[3] A one-year statute of limitations for filing a federal habeas petition runs, inter alia, from "the date on which the [challenged state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  This limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).

[4] When the petitioner is on probation or parole due to the challenged state court judgment, the proper respondent for a habeas corpus petition is petitioner's probation or parole officer and the official in charge of the parole *or* the probation agency *or* the state correctional agency.  See Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, Subd. 2(b)(2).  In cases where a prisoner's immediate custodian is unclear, the CDCR Secretary may serve as an appropriate respondent.  See Ortiz–Sandoval v. Gomez, 81 F.3d 891, 896 (9th Cir. 1996).

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE